United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL CHAVEZ,

           Plaintiff,

    v.

SSA COMMISSIONER,

           Defendant.

Case No.  25-cv-09474-LJC

**ORDER RESOLVING SOCIAL
SECURITY DISABILITY ACTION**

Plaintiff Raul Chavez[1] brings this action challenging the decision of Defendant the Commissioner of Social Security (the Commissioner) finding Chavez not disabled and therefore not entitled to benefits.  Plaintiff has filed briefs on the merits in accordance with the Supplemental Rules for Social Security Actions.  The Commissioner filed a motion to remand for further administrative proceedings in lieu of a responsive brief on the merits.  Both parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

This Order presumes the parties' familiarity with the record, and with the general legal framework for determinations of disability and judicial review.  The issue in dispute is narrow: the parties agree that errors in the Commissioner's decision warrant reversal, but dispute whether further administrative proceedings are necessary or if the Court should find Chavez disabled and instruct the Commissioner to award benefits.

"When the ALJ denied benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits."  *Leon v. Berryhill*,

---

[1] This Court's general practice is to refer to Social Security disability plaintiffs only by their initials in decisions that recount potentially sensitive medical information.  This Order, however, does not include any details of Chavez's medical conditions, and the Court therefore refers to him by his name.

880 F.3d 1041, 1045 (9th Cir. 2017).  The Ninth Circuit recognizes a narrow exception for certain cases where the Commissioner improperly found a claimant or doctor's opinions not credible. That "credit-as-true" rule applies only when the following three elements are established:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

"When all three elements of this . . . rule are satisfied, a case raises the 'rare circumstances' that allow [a court] to exercise [its] discretion to depart from the ordinary remand rule." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).  Courts may apply the credit-as-true rule only if crediting a claimant's testimony or a medical opinion would "leave not the slightest uncertainty as to the outcome of the proceedings." *See id.* 1100–01 (cleaned up).

Here, the Commissioner found Chavez not disabled at Step 5 of the sequential evaluation process because, in the view of an administrative law judge (the ALJ), Chavez retained sufficient residual functional capacity to perform three jobs identified by a vocational expert (the VE) at the administrative hearing.  Chavez argues that if the relevant evidence were properly credited, he would not be able to sit for an entire workday without opportunities to stand, and thus could not perform the three jobs that the VE identified. *See* ECF No. 9 at 28–29; ECF No. 14.  In Chavez's view, there is "uncontested expert testimony from the Commissioner's own witness that explicitly states that including such a limitation requires a finding of disability," because the VE presented "clear and uncontested testimony" that "should Mr. Chavez be found unable to remain seated without the option to shift positions, a significant number of jobs would not remain at step five." ECF No. 14 at 3, 7 (emphasis omitted).

The testimony is not so clear as Chavez contends.  The relevant portion of the transcript reads as follows:

> BY ADMINISTRATIVE LAW JUDGE:
> Q . . . Given those limitations are there jobs in the national economy they can perform?

United States District Court
Northern District of California

. . .

A All right. Escort vehicle driver, 919.663 022, sedentary, SVP 2, 40,000. Election clerk, 205.367-030, sedentary, SVP 2, 6,000. Ticket counter, 219.587 010, sedentary, SVP 2, 8,500.

. . .

Q Okay. And . . . giving the individual the ability to alternate between sitting and standing at will, are *those three occupations* still available?

A No.

Administrative Record (AR) (ECF No. 8) at 60–61 (emphasis added).

In this Court's experience, vocational experts commonly respond to ALJs' hypothetical limitations by presenting three examples of occupations that someone with those limitations could perform. Here, the VE did not specify whether the three jobs he identified were the only jobs that Chavez could perform or if they were mere examples. *See id.* Neither the ALJ nor Chavez's attorney asked him to clarify that. Nor did anyone involved in the administrative hearing address whether other jobs besides those three would be available for someone with the same limitations and an added requirement that they be allowed to alternative between sitting and standing.

This issue was not well presented in the Commissioner's motion to remand. *See generally* ECF No. 13. Nevertheless, a judicial award of benefits is only appropriate where "the record has been fully developed and further administrative proceedings would serve no useful purpose," *Garrison*, 759 F.3d at 1020, such that the record "leaves not the slightest uncertainty as to the outcome of the proceeding," *Treichler*, 775 F.3d at 1101 (cleaned up). That is not the case here. Even assuming for the sake of argument Chavez is correct that the record shows he must alternate between sitting and standing, the record permits at least a slight doubt that he is disabled, and further proceedings would serve a useful purpose of allowing the VE to clarify whether other work is available that he could perform.

Accordingly, the decision of the Commissioner is REVERSED, and the case is REMANDED for further administrative proceedings. Chavez may present all of his arguments to

//

//

United States District Court
Northern District of California

the Commissioner on remand.  The Clerk is instructed to enter judgment in favor of Chavez and close the case.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

4